UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-22777-CIV-MORENO**

ROBERT LEE DARBY II,

      Plaintiff,

vs.

UNITED AUTOMOBILE INSURANCE
COMPANY and KATHERINE FERNANDEZ
RUNDLE,

      Defendants.
_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE
AND ORDER DENYING ALL PENDING MOTIONS AS MOOT**

THIS CAUSE came before the Court upon a *sua sponte* examination of the record.

THE COURT has considered the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** and that all pending motions are **DENIED AS MOOT**. Plaintiff must file an Amended Complaint **no later than August 7, 2020**.

      **I.**      **ANALYSIS**

Mr. Darby's *in forma pauperis* Complaint under 42 U.S.C. Section 1983 asserts numerous claims for violations of his constitutional rights against Defendant United Automobile Insurance Company (a private insurance company) and Defendant Katherine Fernandez Rundle (the Miami-Dade State Attorney). Mr. Darby's claims stem from an automobile accident in Miami-Dade County in which Mr. Darby's vehicle was struck by another vehicle that ran a red light while

exceeding the speed limit. Mr. Darby alleges that the other vehicle was driven by Kerven L. Jacinte (a non-party to this lawsuit) who is a client of Defendant United Automobile Insurance Company.

Mr. Darby then alleges that Jacinte called 911 and falsely told the dispatch that Mr. Darby had a gun and was trying to smash the window of Jacinte's car. According to Mr. Darby, officers then appeared at the scene of the car accident and performed a takedown maneuver on Mr. Darby, thereby unlawfully seizing him and subsequently performing an illegal search of Mr. Darby's person and his vehicle.

On these allegations, Mr. Darby seeks $30,000 for property damage to his 1999 Jeep Grand Cherokee, as well as damages for his pain and suffering, mental anguish, humiliation, and slander as a result of discriminatory conduct in violation of the Fourteenth Amendment.

### A. **CLAIMS AGAINST DEFENDANT UNITED AUTO INSURANCE COMPANY**

At the outset, the Court notes that as a *pro se* plaintiff Mr. Darby is given greater leeway in pleading his Complaint. *See Haines v. Kerner*, 404 U.S. 519 (1972). Still, though, 28 U.S.C. Section 1915(e)(2)(B)(i) provides that a court "shall dismiss [an *in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under Section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id*. at 327.

Mr. Darby's *in forma pauperis* Complaint under Section 1983 appears to assert 12 claims against Defendant United Auto Insurance Company for violations of Mr. Darby's Ninth and Fourteenth Amendment rights. (*See* D.E. 1 at 10–11.) "Section 1983 provides a private right of

action whenever an individual has been deprived of any constitutional or statutory federal right under color of state law." *Schwier v. Cox*, 340 F.3d 1284, 1290 (11th Cir. 2003). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). A private party may be held liable as a state actor only if one of the following three conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]" ("nexus/joint action test").

*Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Communications Workers of America*, 860 F.2d 1022, 1026–27 (11th Cir. 1988)).

Here, the Court finds that even when taking Mr. Darby's allegations as true—as the Court must at this stage—none of the alleged actions by United Auto Insurance Company were undertaken under color of law. In other words, the Complaint does not allege any facts showing that the State coerced or encouraged the actions of United Auto Insurance Company, that United Auto Insurance Company performed a public function traditionally performed by the State, or that the State was a joint participant with United Auto Insurance Company. Therefore, the Complaint fails to state a Section 1983 claim against United Auto Insurance Company. These claims are accordingly **DISMISSED**.

If Mr. Darby has legal claims against United Auto Insurance Company that do not arise under Section 1983, then he may assert those claims in an Amended Complaint.

B.  **"SHOTGUN" PLEADING**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And

Federal Rule of Civil Procedure 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Rule 10(b) further states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*  A complaint that violates either Rule 8(a)(2) or Rule 10(b), or both, is often referred to as a "shotgun pleading." *Omanwa v. Catoosa Cty., Ga.*, 711 F. App'x 959, 963 (11th Cir. 2017) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

The Eleventh Circuit, concerned about the effects of cases proceeding on shotgun pleadings, noted that "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996).  This issue is especially prevalent in discrimination actions where numerous factual allegations and legal theories are often consolidated into a single count, or into one set of "general allegations" which, in turn, are incorporated by reference into every count of the complaint.

The Eleventh Circuit has identified four categories of impermissible shotgun pleadings. The **first** category consists of "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland*, 792 F.3d at 1321.  The **second** category is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.  The **third** category concerns a complaint that fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323. Finally, the **fourth** category asserts "multiple claims against multiple defendants without

specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* The "unifying characteristic" of all types of shotgun pleadings is that they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Here, the Complaint violates both Rule 10(b) and the second category of shotgun pleadings. To start, none of the allegations in the Complaint are stated in "numbered paragraphs" let alone "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, the Complaint does not numerically list any of Mr. Darby's causes of action. The result is that the Court has no way to determine what factual allegations support each cause of action. *See Weiland*, 792 F.3d at 1325 ("A dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'") (citation omitted). The Court thus cannot determine whether Mr. Darby has made "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint also violates the second category of shotgun pleadings because it contains several conclusory and vague factual allegations, and also sets forth several immaterial factual allegations that are not connected to any of his causes of action. Therefore, the Complaint is **DISMISSED WITHOUT PREJUDICE** as an impermissible shotgun pleading.

## II.     CONCLUSION

The purpose and effect of this Order is limited. It only requires that Mr. Darby's Complaint be brought into compliance with Rules 8(a)(2) and 10(b). Accordingly, the Court is not closing his case. Mindful of the Federal Rules of Civil Procedure and the due process concerns explained above, it is

**ADJUDGED** as follows:

**(1)** The Complaint **(D.E. 1)** is **DISMISSED WITHOUT PREJUDICE** and the Application to Proceed in District Court Without Prepaying Fees or Costs **(D.E. 3)** is **DENIED** with permission to refile at the time that Mr. Darby files an Amended Complaint;

**(2)** An Amended Complaint must be filed **no later than August 7, 2020**. In drafting an Amended Complaint, Mr. Darby must list his causes of action numerically and then identify the factual allegations relevant to each individual cause of action. This can be done by referring to the numbered paragraph assigned to each factual allegation. But it is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs. Finally, if a cause of action is one where Federal Rule of Civil Procedure 9 applies, that cause of action must be pled with particularity[1]; and

**(3)** If Mr. Darby fails to timely file an Amended Complaint that complies with this Order, then the Court will close the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th of July 2020.

*Federico A. Moreno*

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Robert Lee Darby II, pro se
P.O. Box 741652
Boynton Beach, FL 33474

---

[1] Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). But "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*